IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **ROSE PEOPLES,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. GLS 23-1814 |
| **LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court[1] is a "Motion to Dismiss" ("Motion") pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this case, which was filed by Defendant Liberty Mutual Personal Insurance Company ("Defendant"). (ECF No. 34). Plaintiff Rose Peoples ("Plaintiff") filed an opposition, and the Defendant filed a Reply. (ECF Nos. 38-40). The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

For the reasons articulated herein, the Court will grant the Motion.

**I.   DISCUSSION**

**A.  Procedural Background**

In this section, the Court cites only to those parts of the procedural record that are necessary to resolve the pending motion.

On July 6, 2023, Plaintiff filed the instant lawsuit against Defendant, alleging breach of contract (Count I), and failure to settle claims in good faith (Count II), in violation of Md. Cts. &

---

[1] The parties consented to the jurisdiction of the undersigned for all further proceedings in this case, including trial, entry of final judgment, and post-judgment proceedings. (ECF No. 15).

Jud. Proc., § 3-1701 *et seq.* (ECF No. 1, "Complaint"). In essence, the Complaint alleges that Defendant failed to act in good faith pursuant to a homeowner's insurance policy and failed to pay Plaintiff adequate compensation to cover property damage losses to her home that resulted from a July 6, 2020 storm. (Complaint, ¶¶9-39, 44-52). Defendant filed a partial Answer to the Complaint, related to Count I. (ECF No. 11). With respect to Count II, Defendant notified the Court of its intent to file a motion to dismiss. (ECF No. 17).

Thereafter, the Court held a case management conference, during which it ordered the parties to proceed with discovery on Count I and entered a Scheduling Order related thereto. (ECF Nos. 23-24). That Scheduling Order provided that discovery was to close on May 31, 2024, and that the parties' Joint Status Report (JSR) was also due on that date. (ECF No. 23). The Court also deferred ruling on Defendant's contemplated motion to dismiss Count II and ordered Defendant to file any notice of intent related thereto by the date identified in the Scheduling Order. (ECF Nos. 23, 25).

Roughly three months later, on March 18, 2024, one of Plaintiff's counsel filed a motion to withdraw and substitute counsel, which the Court granted. (ECF No. 27, 29).

On May 31, 2024, no JSR was filed by the parties. Instead, on June 7, 2024, Plaintiff's remaining counsel filed a motion to withdraw and a certificate related thereto, as required by Local Rule 101.2 (D. Md. 2023). In the motion to withdraw, counsel mentioned that they "recently founds themselves in a position of conflict with their clients(sic)," which required counsel to withdraw. (ECF No. 30, p.1). Counsel further represented that on February 23, 2024, counsel had sent a letter to Plaintiff stating that "based on their(sic) failure to respond to emails and phone calls in order to move their case forward, we would be withdrawing from the case." (ECF No. 30-2). Counsel further represented that as of June 7, 2024, Plaintiff had not responded or otherwise

communicated with counsel; i.e., about 105 days passed between the time that counsel sent Plaintiff a letter and the date that the motion to withdraw was filed. On June 18, 2024, the Court granted the motion to withdraw, and on June 20, 2024, the Clerk of the Court mailed a letter to Plaintiff that stated that Plaintiff would be proceeding *pro se* unless and until new counsel entered her/his appearance on her behalf. (ECF Nos. 31, 32). Plaintiff acknowledged receipt of the Order and notice. (ECF No. 33).

On September 10, 2024, Defendant filed the Motion. In the Motion, Defendant asserted that: (a) as of that date, Plaintiff still had not responded to written discovery requests propounded on her in February 2024; (b) since June 20, 2024, or for 82 days, no new counsel had entered her/his appearance on behalf of Plaintiff. Thus, Defendant sought dismissal of the instant lawsuit pursuant to Fed. R. Civ. P. 41(b) because Plaintiff "has abandoned her claim." (ECF No. 34).

On or about September 11, 2024, the Clerk of the Court mailed Plaintiff a notice that the Motion had been filed via the same mechanism utilized for the June 20, 2024 letter. (ECF No. 35). That Notice advised Plaintiff that she had a right to respond to the Motion, but must do so within twenty-eight (28) days from September 11, 2024. (*Id.*). That Notice also admonished Plaintiff:

> **If you do not file a timely written response, or if your response is inadequate, the Court may dismiss the case or enter judgment against you without further opportunity to present written argument. If you file no written response, the Court will resolve the case based on the materials submitted by defendant(s).**

(*Id.*) (emphasis added).

More than 139 days later, on January 31, 2025, new counsel entered his appearance on behalf of Plaintiff. (ECF No. 36). On January 31, 2025, Plaintiff's counsel ("current counsel") did not file a motion for leave to late file a response to the pending motion to dismiss, nor did current

counsel file a letter or motion updating the Court on the status of the outstanding discovery requests; he merely entered his appearance.

Thereafter, on February 3, 2025, the Court directed Plaintiff's current counsel to respond to the Motion and to the September 2024 Notice from the Clerk of the Court by no later than March 5, 2025. (ECF No. 37).

On March 5, 2025, Plaintiff filed "Plaintiff's Opposition to Motion to Dismiss" ("Opposition") (ECF No. 38). The Opposition does not respond to the Court's Order to address the September 2024 Notice, failing to offer any explanation as to why Plaintiff never timely responded to the Motion. Equally important, the Opposition does not contain a clear explanation as to why Plaintiff failed to timely respond to the discovery propounded on her. Instead, the Opposition makes the following representations. First, the Opposition generally recites that "Plaintiff had difficulties with her previous legal representation, which interfered with her ability to move forward with her case." (Opposition, ¶ 7). Second, the Opposition recites that "Plaintiff is an elder of limited resources to retain legal counsel but was able to retain undersigned counsel due to him representing her in another matter that involves facts that are relevant to this matter." (*Id.*, ¶ 8). Third, according to the Opposition, "Plaintiff also asserts that dismissal in this matter would be prejudicial to her as the statute of limitations for her causes of action may have expired." (*Id.*, ¶ 10). Fourth, Plaintiff asserts that she "is willing to participate in mediation," and "she will not cause further delay in the prosecution of this matter if . . . the court denies Defendant's motion." (*Id.*, ¶ 11).

On March 5, 2025, Defendant filed its Reply and Exhibit 1. (ECF Nos. 39-40). Defendant asserts that, since July 2023, Plaintiff's current counsel had been representing Plaintiff in a state court breach of contract action against a public adjuster/contractor, Joe Kriner, and his related

entities: Just Call Joe, LLC and Semper Fi Public Adjusters Northeast, LLC ("Semper Fi"). (Reply, p. 1; ECF No. 40-1, pp. 1-4).[2] Next, Defendant asserts that it served Interrogatory Requests and Requests for Production of Documents on Plaintiff on February 7, 2024, yet as of March 5, 2025, Plaintiff had still not responded to those discovery requests. (Reply, p. 2). Finally, regarding prejudice to it, Defendant articulated how it has "already litigated this case twice," referring to litigation before the Maryland Insurance Administration and to the instant litigation. (*Id.*, pp. 1-2).

### B. Motion to Dismiss

1. The Law

Pursuant to Fed. R. Civ. P. 41(b):

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it. Unless the dismissal order states otherwise, a dismissal under this subdivision. . .operates as an adjudication on the merits.

*See also Rahim, Inc. v. Mindboard, Inc.*, Civ. No. GLR 16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017).

The Fourth Circuit has identified four factors that courts must consider before granting a dismissal with prejudice pursuant to Rule 41(b):

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). In addition, the Fourth Circuit has held that because a dismissal with prejudice is a "harsh sanction, [it] should not be invoked lightly," due to

---

[2] In this case, the Complaint alleges that Joe Kriner operates Just Call Joe and Semper Fi. (Complaint, ¶ 18). Just Call Joe was the contractor who inspected Plaintiff's property after the July 2020 storm and determined that the roof could not be repaired and needed to be replaced. Just Call Joe estimated that the cost to repair the roof was about $96,000. (Complaint, ¶¶ 16-17). Semper Fi evaluated Plaintiff's claim of a damaged roof, and updated the estimate done by Just Call Joe, resulting in a conclusion that the roof replacement work would cost about $149,000. (Complaint, ¶¶ 19-21).

"the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). That being said, however, the Fourth Circuit has also held that "[w]here a litigant has ignored an express warning that non-compliance with a court order will result in dismissal, [a] court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (Mem) (citing *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989)).

As set forth below, the Court has applied the *Hillig* factors and analyzed the record. The Court finds that dismissal under Rule 41(b) is an appropriate sanction because Plaintiff has demonstrated a failure to prosecute her case.

    2. <u>Analysis: *Hillig* Factors 1 and 3</u>

The Court finds that Plaintiff bears responsibility for the delay in this case. The Court further finds that there is a history of Plaintiff proceeding in a dilatory fashion. First, Plaintiff was served discovery requests on February 7, 2024. Those requests were not responded to by March 7, 2024, as is required by Fed. R. Civ. P. 33(b)(2) and Rule 34(b)(2)(A). The record before me is that on February 23, 2024, former counsel mailed a letter to Plaintiff stating that because she had failed to respond to emails and phone calls, he would be withdrawing from the case. Relatedly, former counsel represented that as of June 7, 2024, Plaintiff had not responded or otherwise communicated with counsel; i.e., about 90 days passed between the time that the discovery responses were due and the date that the motion to withdraw was filed.

Second, Plaintiff was notified by the Clerk of the Court on June 20, 2024, that she would be representing herself unless and until new counsel entered her/his appearance on her behalf. Plaintiff acknowledged receipt of the Order, yet she did nothing to advance her case between in or about July 2024 until September 10, 2024. Nor, did she write a letter to the Court advising that

6

she was interested in pursuing her case and was trying to obtain an attorney to represent her or that she was indigent and could not afford an attorney.

Third, in September 2024, after Defendant filed the Motion, Plaintiff was explicitly warned that: (a) she had to respond to the Motion and if she failed to timely respond in writing, then the Court could dismiss her case without further opportunity for her to present an argument; (b) the Court could resolve the motion based on the materials submitted by the Defendant. Between September 2024 and January 2025, Plaintiff did not respond to the Motion, nor did she write a letter to the Court about her interest in pursuing her case. Even though Plaintiff is *pro se*, she is responsible for complying with this Court's orders and the Local Rules. *See Adams v. Md. Mgmt. Co.*, Civ No. WDQ 11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013) (citing *Arnett v. Prince George's County*, Civ. No. AW 02-3861, 2004 WL 3313218, at *2 (D. Md. July 23, 2004)).

Fourth, the record reflects that current counsel began representing Plaintiff in a state court matter related to the same public adjuster/contractor and his related entities in July 2023. That matter involved Plaintiff suing Joe Kriner and his related entities (Just Call Joe, LLC and Semper Fi) for breach of contract, presumably related to work that was not done on her house following the July 2020 storm that is at issue in the Complaint. (ECF No. 40-1, pp. 1-10). The docket sheet in that state court case reflects that the matter remained active for about 18 months, and was dismissed on January 29, 2025 by the judge. (*Id.*). [3] On January 31, 2025, i.e., two days after that dismissal was entered in the state court case, current counsel entered his appearance in this case.

---

[3] The docket sheet also reflects that Plaintiff filed her complaint on July 13, 2023, and filed an amended complaint on December 7, 2023. (ECF No. 40-1, pp. 4, 6). Next, Pursuant to Fed. R. Evid. 201(b), a court may take judicial notice of a fact "that is not subject to reasonable dispute." This means that a court can take judicial notice of a fact that: "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *see also Corbitt v. Baltimore City Police Dep't*, 675 F. Supp. 3d 578, 586 (D. Md. 2023). In addition, a court can may take judicial notice of a fact on its own. Fed. R. Evid. 201(c)(1). In this case, the Court takes judicial notice of the state court docket sheet and entries therein.

(ECF No. 36). The Court finds it unlikely that counsel did not appreciate the significance of the instant litigation until two days after the state court case was dismissed, and no reasonable explanation has been provided as to why Plaintiff and current counsel have failed to prosecute the case in some fashion since in or about June 2024, when former counsel withdrew. From the record, the Court infers that Plaintiff's current counsel decided not to participate in the instant litigation until the state court action concluded. Plaintiff must bear "some measure of responsibility both for selecting competent attorneys," and "for supervising their conduct in representing them." *Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991). The evidence suggests that Plaintiff has acted in a dilatory fashion. *Cf. Khepera-Bey v. Santander Consumer USA, Inc.*, Civ. No. WDQ 11-1269, 2013 WL 451325, at *4 (D. Md. Feb. 4, 2013) (court held Plaintiff acted in a dilatory manner by ignoring court's orders).

Finally, on March 5, 2025 (392 days after the discovery requests were served on Plaintiff), the Opposition was filed, yet it is completely silent on the topic of responses to the outstanding discovery requests. The record reflects that Plaintiff has ignored the Court's orders and that current counsel has done nothing to persuade this Court that Plaintiff is actively prosecuting her case.

In sum, because Plaintiff has ignored the "express warning that non-compliance with a court order," *Bey ex rel. Graves*, 546 F. App'x at 229, could result in a dismissal, this factor favors dismissal. Last, despite representing Plaintiff beginning in 2023, in a civil action about entities who play a significant role in the instant matter, there has been a complete failure to participate in this civil action for seven months. This factor also favors dismissal.

   3. Analysis: *Hillig* Factor 2

The Court finds some degree of prejudice to the Defendant. Defendant cites to having to

defend against Plaintiff in two fora: in front of the Maryland Insurance Administration[4] and the instant case. The instant case commenced on July 6, 2023,[5] and after consent of the parties was received a Scheduling Order was entered. Discovery lasted for five months. As held earlier, Plaintiff did not respond to discovery requests by March 7, 2024. Thus, between March 2024 until in or about at least January 2025, Plaintiff has not participated in this case. Next, when current counsel entered his appearance in this case on January 31, 2025, he did not advise the Court or Defendant that responses to the discovery requests were forthcoming (331 days after the requests were served on Plaintiff). Moreover, between January 31, 2025 and March 5, 2025, the Court did not receive any letter from Plaintiff that her discovery responses were forthcoming. Indeed, the silence on this issue convinces the Court that the discovery requests would have remained unanswered, but for the Court ruling on the Motion. Defendant has clearly been "left in limbo as to the status of the case against [it]." *J.M. Logan Cty. Bd. of Educ.*, Civ. No. TEJ 15-4822, 2016 WL 164323, at *2 (S.D. W. Va. Jan. 13, 2016). This factor also supports dismissal.

    4. Analysis: *Hillig* Factor 4

Finally, in light of Plaintiff's lack of participation in this case, the Court finds that a less dramatic sanction than dismissal would be ineffective. Plaintiff chose to pursue the state court action starting one week after she filed the instant case and chose to actively litigate it until January 29, 2025, and chose to ignore this action. The appropriate way to encourage Plaintiff to actively and timely participate in litigation is to dismiss this one.

## II. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.

---

[4] Defendant does not provide a date.
[5] The instant case commenced one week before Plaintiff and current counsel pursued their action against Joe Kriner and his entities in state court.

A separate Order will follow.

Dated: April 3, 2025                                       /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge